IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRENDA SUE GERMAN         *
                          *
       v.                 *     Civil Case No. JFM-13-2220
                          *
COMMISSIONER, SOCIAL SECURITY  *
                          *
           *************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the parties' cross-motions for summary judgment and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' motions, and Ms. German's reply. ECF Nos. 13, 15, 16. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). For the reasons set forth below, I recommend that both motions be denied, and that the case be remanded to the Commissioner for further proceedings in accordance with this Report and Recommendations.

Ms. German applied for Disability Insurance Benefits and Supplemental Security Income on December 13, 2007, alleging a disability onset date of July 1, 2006. (Tr. 159-71). Her claims were denied initially on April 10, 2008, and on reconsideration on October 30, 2008. (Tr. 120-24, 128-31). An Administrative Law Judge ("ALJ") held a hearing on November 24, 2009, (Tr. 46-95), and subsequently denied benefits to Ms. German in a written opinion dated January 25, 2010. (Tr. 25-45). On July 3, 2010, the Appeals Council declined review, (Tr. 16-20), making the ALJ's decision the final, reviewable decision of the agency. After several extensions of time

to file a civil action (Tr. 1-15), Ms. German filed the instant appeal on July 30, 2013. [ECF No. 1].

The ALJ found that Ms. German suffered from the severe impairments of bipolar disorder, polysubstance abuse, and spondylolisthesis at L5-S1. (Tr. 31). The ALJ found that her impairments, including the substance use disorder, met Listings 12.04 and 12.09. (Tr. 31-32). However, the ALJ determined that if Ms. German stopped substance use, she would retain the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally balance, kneel, crouch, crawl, and stoop and she cannot climb. She is limited to simple, unskilled work and she can have occasional contact with co-workers and supervisors. The claimant is best limited to isolated work. She is limited to occasional changes in the work setting, using judgment, and making decisions. The claimant cannot engage in piece work or production work.

(Tr. 33). After considering testimony from a vocational expert ("VE"), the ALJ determined that Ms. German would be capable of performing work existing in the national economy if she were to stop substance use. (Tr. 40-41). Accordingly, the ALJ determined that Ms. German was not disabled. *Id.*

Ms. German disagrees. She raises several arguments in support of her appeal: (1) that the ALJ erred in failing to find that she met the Listings even absent substance use; (2) that the ALJ misapplied the mental special technique; (3) that the ALJ made erroneous determinations regarding her continued substance use; and (4) that the ALJ erred in assigning weight to the opinions of two consultative examiners. I agree generally that the ALJ's analysis contains inadequate explanation of her conclusions, and I therefore recommend that the case be remanded for further consideration. In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. German is not entitled to benefits is correct or incorrect.

The Commissioner concedes that the ALJ did not discuss "Ms. German's symptoms,

signs, and laboratory findings" in applying the special technique used to evaluate mental impairments. Def. Mot. 23-24; *see* 20 C.F.R. §§ 404.1520a(b) and 416.920a(b) ("If we determine that you have a medically determinable mental impairment(s), we must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment[.]"). The Commissioner's contention that any error is harmless is unpersuasive. In this case, the critical distinction is between "marked" limitations, which could trigger application of the Listings, and "moderate" limitations, which do not. In conclusory fashion, the ALJ conceded that Ms. German had "marked" limitations in the areas of social functioning and concentration, persistence, or pace when abusing substances. (Tr. 32). However, in equally conclusory fashion, the ALJ asserted that, in the absence of substance use, those limitations would only be "moderate." (Tr. 33). The ALJ failed to explain why, in the absence of substance use, the limitations would be reduced to that degree. For example, the ALJ's sole explanation regarding Ms. German's "moderate difficulties" in concentration, persistence, or pace is that she "has major depressive disorder and bipolar disorder which by their nature interfere with a person's ability to concentrate." *Id.* That rationale provides no information pertaining to the critical issue, which is the precise degree of interference and whether it results in moderate or marked limitations. This Court cannot speculate as to what facts may have been material to the ALJ's outcome. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986).

The ALJ's failure to include adequate explanation also infected her consideration of the reports issued by medical sources. In March of 2008, Ms. German attended two separate consultative examinations pertaining to her mental health. (Tr. 35). One physician, Dr. O'Donnell, conducted extensive IQ and psychological testing and opined that Ms. German would be unable to sustain employment. (Tr. 439-43). The other physician, Dr. Harkhani, did not conduct testing and reached a more favorable conclusion, specifically that Ms. German

would be capable of handling her own benefits. (Tr. 444-51). The ALJ's review of the mental health treatment notes from Ms. German's treating sources demonstrated fluctuating results marked by relapses and changes of medication. (Tr. 33-35). Some of the treatment notes cited by the ALJ demonstrate improvement and stability, while others demonstrate the opposite. *Id.* The ALJ evaluated the contrasting opinions of Drs. O'Donnell and Harkhani simply by stating that Dr. O'Donnell's opinion "is wholly inconsistent with the other psychiatric evidence in the record" while Dr. Harkhani's "is more consistent with her treatment records and is a better reflection of her functioning as a whole." (Tr. 39). In light of the widely disparate conditions reflected in the treatment records, it is difficult to see how any opinion could be "wholly inconsistent" with the records as a whole. In addition, due to the extensive testing conducted by Dr. O'Donnell, which was not duplicated by any other source in the record, further analysis is required to permit an assessment of whether the ALJ's assignments of weight were supported by substantial evidence.

On remand, to facilitate an effective review of her conclusions, the ALJ should also address, in greater detail, (1) Ms. German's level of functioning during her periods of sobriety (one of which coincided with Dr. O'Donnell's evaluation) and (2) whether Ms. German's issues of non-compliance with her medications are an exacerbating cause of, or are an uncontrollable symptom of, her mental health issues.

CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment (ECF No. 15);

2. the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 13); and

3. the Court order the Clerk to REMAND the case to the Commissioner for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b)(2) and Local Rule 301.5.b.


Dated:  August 8, 2014                                          /s/
                                                    Stephanie A. Gallagher
                                                    United States Magistrate Judge